# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

FILED
2012 DEC 11  P 2:03

UNITED STATES OF AMERICA,

V.

# CR 12   872   EMC

SAEID MOHABAT

DEFENDANT(S).

---

## INDICTMENT

18 U.S.C. § 371 – Conspiracy; 18 U.S.C. § 554 – Smuggling; 22 U.S.C. § 2778(b)(2), (c) and 22 C.F.R. §§ 121.1, 123.1, 127.1 – Unlawful Export in Violation of the AECA and ITAR; 50 U.S.C. § 1705(a), (c) and 31 C.F.R. §§ 560.203, 560.204 – Unlawful Export in Violation of the IEEPA and ITR

A true bill.

*[signature]*
Foreman

Filed in open court this ___11___ day of

Dec, 2012

*[signature]*
Clerk

Bail, $ _no bail / arrest warrant_

*[signature]*
Nathanael Cousins
United States Magistrate Judge

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 371 – Conspiracy;
18 U.S.C. § 554 – Smuggling;
22 U.S.C. § 2778 - Control of arms exports;
50 U.S.C. § 1701-1706, and 31 C.F.R. Part 560; Unlawful exports to Iran

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Max Penalties: Conspiracy – 5 years imprisonment; Smuggling - 10 years imprisonment; for both counts: $250,000 fine, 3 years TSR, $100 special assessment.
Unlawful exports to Iran - 20 years, $1 million fine, 3 years TSR, $100 special assessment.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**DEFENDANT - U.S**

▶ SAEID MOHABAT

DISTRICT COURT NUMBER

**CR 12 872 EMC**

**DEFENDANT**

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

HSI SA VLADIMIR VERGARA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Elise Becker

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
 If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   } ☐ Federal ☐ State
 If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes ☐ No   } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

MELINDA HAAG (CABN 132612)
United States Attorney



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | CR 12 872 |
|---|---|---|
| Plaintiff, | ) | VIOLATIONS: |
| | ) | 18 U.S.C. § 371 – Conspiracy; |
| v. | ) | 18 U.S.C. § 554 – Smuggling; |
| | ) | 22 U.S.C. § 2778(b)(2), (c) and 22 C.F.R. |
| SAEID MOHABAT, | ) | §§ 121.1, 123.1, 127.1 – Unlawful Export |
| | ) | in Violation of the AECA and ITAR; |
| Defendant. | ) | 50 U.S.C. § 1705(a), (c) and 31 C.F.R. |
| | ) | §§ 560.203, 560.204 – Unlawful Export in |
| | ) | Violation of the IEEPA and ITR |
| | ) | |
| | ) | SAN FRANCISCO VENUE |

## INDICTMENT

The Grand Jury charges:

### I. BACKGROUND

At all times material to this indictment:

A. <u>The Defendant</u>

    1. Defendant SAEID MOHABAT was an Iranian national.

    2. Co-conspirator 1 was an Iranian national.

B. <u>Relevant Export Control Statutes and Regulations</u>

    <u>The Arms Export Control Act and International Traffic In Arms Regulations</u>

    2. The Arms Export Control Act (AECA), 22 U.S.C. § 2778, authorizes the President of the United States to control the export of "defense articles" by designating items on

INDICTMENT

the United States Munitions List (USML). The USML designations are made by the U.S. Department of State, with the concurrence of the U.S. Department of Defense, and in accordance with the International Traffic in Arms Regulations (ITAR), 22 C.F.R. §§ 120-130, which are promulgated by the Department of State, Directorate of Defense Trade Controls (DDTC). 22 U.S.C. § 2778(a)(2); 22 C.F.R. §§ 120.1(a) & 120.2.

4. USML Category VIII(h) includes "components, parts, accessories, attachments, and associated equipment (including ground support equipment) specifically designed or modified for the articles in paragraphs (a) through (d) of [USML Category VIII - Aircraft and Associated Equipment], excluding aircraft tires and propellers used with reciprocating engines." 22 C.F.R. 121.1, VIII(h).

5. The F-5 is a military aircraft and the following F-5 aircraft part constitutes a defense article under USML Category VIII(h): Pitot Static Tube/(NSN) 6610-00-146-3499/ part number 14-64901-3.

6. The AECA and ITAR require a person to register with, apply for and obtain an export license from the DDTC before exporting defense articles from the United States. 22 U.S.C. §§ 2778(b)(2) and 2794(3); 22 C.F.R. § 120.1. In the export license application, the exporter is required to state, among other things, the nature of the items to be exported, the end recipient, and the purpose for which the items are intended.

7. According to 22 C.F.R. § 120.1(c), only U.S. persons (as defined in § 120.15) and foreign governmental entities in the United States may be granted export licenses, and a foreign person may not receive a brokering license.

8. At no time did MOHABAT or Coconspirator 1 ever apply for, receive, or possess a license or authorization from the DDTC to export defense articles of any description.

The International Emergency Economic Powers Act and The Iranian Transaction Regulations

9. The International Emergency Economic Powers Act (IEEPA), 50 U.S.C. §§ 1701-1706, grants the President authority to deal with unusual and extraordinary threats to the national security and foreign policy of the United States. The IEEPA was in effect at all times

INDICTMENT 2

relevant to this Indictment. Pursuant to the authority under the IEEPA, the President of the United States and the executive branch have issued orders and regulations governing and prohibiting certain transactions with Iran by U.S. persons or involving U.S. goods. 50 U.S.C. § 1705.

10. Pursuant to an Executive Order by President William Jefferson Clinton in 1995, the Secretary of the United States Department of Treasury, in consultation with the Secretary of State, promulgated the Iranian Transactions Regulations (ITR), Title 31, United States Code of Federal Regulations, Part 560. The Iranian Transactions Regulations generally prohibit any person from exporting or causing to be exported from the United States without a license any goods, technology, or services, without having first obtained a valid export license from the United States Department of Treasury, Office of Foreign Assets Control (OFAC). The ITR were in effect at all times relevant to this Indictment.

11. The Iranian Transactions Regulations imposed, among others, the following prohibitions:

> Section 560.203 - Prohibition of any Transaction to Evade or Avoid the Embargo and any Attempt to Violate the Embargo:
>
> Any transaction by any United States person or within the United States that evades or avoids, or has the purpose of evading or avoiding, or attempts to violate, any of the prohibitions contained in this part is hereby prohibited.
>
> Section 560.204 - Prohibition of any Sale or Supply of any Goods, Technology, Services to Iran or the Iranian Government:
>
> Except as otherwise authorized [by a license issued by the Office of Foreign Assets Control of the U.S. Department of Treasury ("OFAC")], the exportation, reexportation, sale, or supply, directly or indirectly, from the United States, or by a United States person, wherever located, of any goods, technology, or services to Iran or the Government of Iran is prohibited, including the exportation, reexportation, sale, or supply of any goods, technology, or services to a person in a third country undertaken with knowledge or reason to know that:
>
> > (a) Such goods, technology, or services are intended specifically for supply, transhipment, or reexportation, directly or indirectly, to Iran or the Government of Iran.

12. OFAC has responsibility for administering the Iranian Transactions Regulations, and is the entity empowered to authorize transactions with Iran during the embargo. Such authorization is granted in the form of a license.

INDICTMENT 3

13. OFAC did not authorize the export of the goods described below to Iran.

**COUNT ONE**: 18 U.S.C. § 371 (Conspiracy to Violate the AECA and ITAR)

14. Paragraphs 1 through 13 are realleged as if set forth fully herein.

15. Between on or about February 27, 2012, and on or about October 29, 2012, in the Northern District of California and elsewhere, the defendant,

SAEID MOHABAT,

and Co-conspirator 1 did knowingly and willfully conspire and agree to commit offenses against the United States, namely, to export and cause to be exported goods which are designated as defense articles on the United States Munitions List, specifically two Pitot Static Tubes, from the United States to Iran, without first obtaining a license or written authorization for such export from the Department of State, DDTC, in violation of Title 22, United States Code, Section 2778(b)(2), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1.

OBJECTS OF THE CONSPIRACY

16. The objects of the conspiracy were:

a. to evade and defeat the prohibitions and licensing requirements upon the export of military parts from the United States to Iran; and,

b. to conceal the prohibited activities and transactions from detection by the United States government so as to avoid penalties and disruption of the illegal activity.

OVERT ACTS

17. In furtherance of this conspiracy, and to accomplish its purpose and objects, at least one of the conspirators committed or caused to be committed, in the Northern District of California and elsewhere, at least one of the following overt acts, among others:

a. On or about February 27, 2012, MOHABAT sent an email to purchase two Pitot Static Tubes, NSN 6610-00-146-3499, Part 14-64901-3, for a total price of $52,442.00.

INDICTMENT                                      4

  b. On or about March 1, 2012, MOHABAT sent an email confirming that the Pitot Static Tubes were destined for Iran but would be transhipped through Tajikstan.

  c. On or about March 2, 2012, MOHABAT sent an email asking if the Pitot Static Tubes could be sent to China instead of Tajikstan.

  d. On or about March 14, 2012, MOHABAT sent an email to Co-conspirator 1 discussing the wire transfer of $52,442.00.

  e. On or about September 1, 2012, MOHABAT sent an email detailing how to ship one Pitot Static Tube at a time listing it as a "Sample Tube" on the invoice and covering it in glue for concealment purposes.

  f. On or about October 29, 2012, MOHABAT traveled to Cyprus.

All in violation of Title 18, United States Code, Section 371.

**COUNT TWO**: 50 U.S.C. §§ 1702 and 1705; 31 C.F.R. §§ 560.203 and 560.204
(Conspiracy to Export in Violation of IEEPA and ITR)

18. Paragraphs 1 through 17 are realleged as if set forth fully herein.

19. Between on or February 27, 2012, and on or about October 29, 2012, in the Northern District of California and elsewhere, the defendant,

SAEID MOHABAT,

and Co-conspirator 1 did knowingly and willfully conspire to export from the United States to Iran goods which are designated as defense articles on the United States Munitions List, specifically two Pitot Static Tubes, without having first obtained from the Department of the Treasury, Office of Foreign Assets Control, a license or written authorization for such export, all in violation of Title 50, United States Code, Sections 1701 and 1705; and Title 31, Code of Federal Regulations, Sections 560.203 and 560.204.

//
//

INDICTMENT               5

**COUNT THREE**: 18 U.S.C. § 554 (Smuggling in violation of AECA and ITAR)

20. Paragraphs 1 through 17 are realleged as if set forth fully herein.

21. Between on or about February 27, 2012, and October 29, 2012, in the Northern District of California and elsewhere, the defendant,

SAEID MOHABAT,

did knowingly and willfully attempt to buy and buy merchandise, articles, and objects which are designated as defense articles on the United States Munitions List, that is specifically, two Pitot Static Tubes, prior to exportation, knowing the same to be intended for exportation without a license or other authorization from the U.S. Department of State, contrary to the laws and regulations of the United States, that is Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1(a)(1); all in violation of Title 18, United States Code, Section 554.

**COUNT FOUR**:   18 U.S.C. § 554 (Smuggling in violation of IEEPA and ITR)

22. Paragraphs 1 through 17 are realleged as if set forth fully herein.

23. Between on or about February 27, 2012, and October 29, 2012, in the Northern District of California and elsewhere, the defendant,

SAEID MOHABAT,

did knowingly and willfully attempt to buy and buy merchandise, articles, and objects, that is specifically, two Pitot Static Tubes, prior to exportation, knowing the same to be intended for exportation to Iran without a license or other authorization from the U.S. Department of Treasury, Office of Foreign Assets Control, contrary to the laws and regulations of the United States, that is Title 50, United States Code, Sections 1705(a) and (c), and Title 31, Code of Federal Regulations, Sections 560.203 and 560.204; all

//

//

| | |
|---|---|
| 1 | in violation of Title 18, United States Code, Section 554. |

DATED:               A TRUE BILL.

12-11-12

_____
FOREPERSON

MELINDA HAAG
United States Attorney

_____
MIRANDA KANE
Chief, Criminal Division

(Approved as to form: _____ )
                        AUSA BECKER

INDICTMENT                            7